# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

GINO ROBERT REA,

        Defendant-Appellee.

FOR PUBLICATION
April 19, 2016

No. 324728
Oakland Circuit Court
LC No. 2014-250517-FH

Before: GLEICHER, P.J., and JANSEN and SHAPIRO, JJ.

JANSEN, J. (*dissenting*).

I respectfully dissent because I believe that it is the role of the trier of fact to determine whether defendant's driveway was generally accessible to motor vehicles. Accordingly, I would reverse and remand for reinstatement of the charge against defendant and for further proceedings.

The issue in this case involves whether the portion of defendant's driveway on which he drove while intoxicated was "generally accessible to motor vehicles" under MCL 257.625(1). MCL 257.625(1) provides, in relevant part:

> A person, whether licensed or not, shall not operate a vehicle upon a highway or other place open to the general public or generally accessible to motor vehicles, including an area designated for the parking of vehicles, within this state if the person is operating while intoxicated.

The parties contest whether a private driveway is an area "generally accessible to motor vehicles" as a matter of law under the plain language of the statute and whether the portion of defendant's driveway on which he operated his vehicle while intoxicated was generally accessible to motor vehicles. The prosecution argues that a private driveway is an area generally accessible to motor vehicles as a matter of law, while defendant contends that the upper portion of his private driveway was not generally accessible to motor vehicles. Both parties argue that the language of MCL 257.625(1) supports their position.

I believe that the issue whether the upper portion of defendant's private driveway was generally accessible to motor vehicles is a question of fact for the trier of fact to determine after hearing the evidence in the case. The parties agree regarding what occurred during the incident. Defendant drove his vehicle out of his garage and backed it down his driveway approximately 25

-1-

feet. He stopped driving his car before crossing over the point where the fence line began and before passing the front of his house. The vehicle's back bumper was "pretty close to the front of the house" when the vehicle stopped. Defendant then drove his vehicle back into his garage. Defendant was intoxicated during the incident. Thus, defendant only drove his motor vehicle while intoxicated on the upper portion of his driveway, which was encompassed in the backyard and side yard next to the front of his house.

However, the parties do dispute whether the driveway was generally accessible to motor vehicles. The prosecution argues that defendant's driveway was generally accessible to motor vehicles because the driveway was not blocked off and defendant, or any visitors or delivery persons, could access the driveway with a motor vehicle. The prosecution further contends that defendant did not have any "no trespassing" signs on his property. In contrast, defendant argues that the area on which he operated his motor vehicle was not generally accessible to motor vehicles as it was in his "backyard/side-yard," was next to his house, and was behind the fence-line of his property. Defendant contends that a reasonable driver would not conclude that he or she had permission to access or use this portion of his driveway.

I believe the trier of fact must determine whether the area on which defendant drove his vehicle while intoxicated was generally accessible to motor vehicles under the particular facts and circumstances of this case. I disagree with the majority's conclusion that the area of defendant's driveway on which he operated his vehicle was akin to a moat that strangers were forbidden to cross because it is unclear whether other vehicles were routinely permitted or forbidden to access the portion of defendant's driveway on which he operated his vehicle. The majority concludes that motor vehicles are not widely or generally permitted to access the upper portion of a private driveway immediately next to a private residence, but also notes that there are several factual scenarios in which a private driveway may constitute an area generally accessible to motor vehicles. In this case, there was no evidence presented at the preliminary examination regarding the frequency with which other vehicles accessed defendant's driveway. Therefore, I conclude that the issue whether the upper portion of the driveway constitutes an area generally accessible to motor vehicles is a question of fact for the trier of fact to determine based on the evidence presented at trial.

M Crim JI 15.2 further supports the conclusion that the issue is one for the trier of fact to determine at trial. M Crim JI 15.2 provides:

> To prove that the defendant operated while intoxicated [or while visibly impaired], the prosecutor must prove each of the following elements beyond a reasonable doubt:
>
> (1) First, that the defendant was operating a motor vehicle [on or about (*state date*)]. Operating means driving or having actual physical control of the vehicle.
>
> (2) Second, that the defendant was operating a vehicle on a highway or other place open to the public or generally accessible to motor vehicles.

(3) Third, that the defendant was operating the vehicle in the [county/city] of _____.

The jury instruction indicates that it is the role of the trier of fact to determine whether a defendant operated a vehicle on an area generally accessible to motor vehicles because the jury instruction charges the jury with the task of making this determination. In this case, because there was no testimony regarding the vehicles that accessed the driveway and because the prosecution established that vehicles could enter the area, I believe that the issue is one for the trier of fact to determine after examining the evidence presented at trial. Therefore, I conclude that the circuit court improperly quashed the information. Accordingly, I would reverse and remand for reinstatement of the charge against defendant and for further proceedings.

/s/ Kathleen Jansen